IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL WEATHERLY,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>    Defendant.<br>_____ / | No. C 10-02703 WHA<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

In this social security action, plaintiff appeals the denial of disability benefits. Plaintiff's motion for summary judgment is **DENIED**, and defendant's motion for summary judgment is **GRANTED**.

## STATEMENT

Plaintiff filed an application for supplemental social security income benefits in November 2007, alleging a disability onset date of July 30, 2006 (AR 114–23). The application was denied initially and on reconsideration (AR 40–41). Plaintiff requested a hearing before an Administrative Law Judge, and one was held in September 2009. At the hearing, plaintiff was represented by counsel. Plaintiff testified on his own behalf, and a vocational expert also testified (AR 18–39). In a December 2009 decision, the ALJ denied the claim for disability benefits (AR 45–52). Plaintiff's request for review of the ALJ decision by the Appeals Council was

denied, making the ALJ decision the final decision of the Commissioner (AR 1–4).  Plaintiff then filed this action for judicial review of the ALJ decision.

      The ALJ found that defendant had asthma and that defendant's asthma qualified as a "severe impairment" that "more than minimally affects his ability to perform basic work activities" (AR 47).  The ALJ nonetheless concluded that plaintiff's asthma did not render him "disabled" pursuant to the applicable regulations.  According to the ALJ, plaintiff had "the residual functional capacity to perform a range of medium work" but "should avoid concentrated exposure to extreme cold, fumes, odors, dusts and gases" (AR 48).  The ALJ's conclusion that plaintiff was not disabled was based on the objective and subjective evidence in the record.  Regarding the latter, the ALJ determined that plaintiff's subjective statements concerning the intensity, persistence, and limiting effects of his asthma symptoms were "not credible" to the extent they were inconsistent with the ALJ's assessment of the rest of the record (AR 50).

      Plaintiff disagrees with the ALJ's conclusion that he had the residual functional capacity to perform a significant number of jobs.  Specifically, plaintiff asserts that "the ALJ failed to properly evaluate his subjective complaints."  Plaintiff moves for summary judgment reversing the ALJ decision and awarding disability benefits or, alternatively, remanding the action for further administrative proceedings (Pl. Br. 3).  Defendant opposes plaintiff's motion and moves for summary judgment affirming the ALJ decision (Def. Br. 2).  Plaintiff's combined opposition to defendant's motion and reply in support of his own motion was due on June 20, 2011.  None was filed.  Accordingly, the matter is deemed submitted.

**ANALYSIS**

      A decision denying disability benefits shall be upheld on appeal if it is supported by substantial evidence and free of legal error.  Substantial evidence is "more than a scintilla" but "less than a preponderance" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).  The court must consider the entire administrative record, including evidence that does not lend support to the ALJ's conclusion.  Where evidence in the record is susceptible to more than one

1 rational interpretation, the decision of the ALJ must be upheld. *Andrews v. Shalala*,
2 53 F.3d. 1035, 1039 (9th Cir. 1995).

3 The ALJ's determination that plaintiff's subjective complaints were not fully credible was
4 supported by substantial evidence and free of legal error. The ALJ made this determination after
5 a thorough and detailed consideration of the subjective and objective evidence in the record
6 (AR 48–51). The ALJ explained a variety of reasons for doubting the credibility of plaintiff's
7 subjective complaints. *First*, the ALJ noted that plaintiff's treatment history was not consistent
8 with his allegations of frequent and disabling asthma attacks. The ALJ specifically found that
9 plaintiff's "medical records do not indicate that [his] asthma is uncontrolled by his medications"
10 (AR 50). *Second*, the ALJ noted that plaintiff's "own statements and actual activities are not fully
11 consistent with his allegations of a complete inability to work" (*ibid.*). The ALJ referenced
12 plaintiff's history of performing full-time heavy work for a plumbing company and his continued
13 ability to live independently, including by cleaning his home, doing his own grocery shopping,
14 and driving (*ibid.*). *Third*, the ALJ noted three additional reasons for doubting the credibility of
15 plaintiff's subjective complaints: "I also find the claimant to not be fully credible because he has
16 a felony conviction, his testimony that he worked for 17 years digging sewers is not supported by
17 the records, and there is evidence in the record that the claimant was noncompliant with his
18 medication." (AR 51). These reasons, taken collectively, provide ample support for the ALJ's
19 decision not to fully credit plaintiff's subjective complaints.

20 Plaintiff argues "that the ALJ failed to set forth legally sufficient reasons for rejecting his
21 subjective complaints" (Pl. Br. 4). In rejecting a claimant's subjective complaints, an ALJ must
22 provide "specific, cogent reasons for the disbelief." Without affirmative evidence that the
23 claimant is malingering, the reasons for rejecting his or her testimony must be "clear and
24 convincing." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). As
25 described above, the ALJ set forth several specific reasons for disbelieving plaintiff's subjective
26 complaints. This order finds those reasons to be clear and convincing. *Cf. Fair v. Bowen*,
27 885 F.2d 597, 603–04 (9th Cir. 1989) (noting that a claimant's daily activities, failure to adhere to
28

3

prescribed treatment, reputation for truthfulness, and inconsistent statements can rebut subjective pain testimony).

The ALJ adequately explained his reasons for not fully crediting plaintiff's subjective complaints regarding his asthma symptoms. Plaintiff has not shown that the ALJ's determination that plaintiff was not disabled contained legal error or was not supported by substantial evidence. Accordingly, the ALJ's decision is **AFFIRMED**.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment is **DENIED**, and defendant's motion for summary judgment is **GRANTED**. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Dated: June 24, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE